IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs December 18, 2007

## WILLIAM ANTHONY HAYWORTH v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Bedford County**
**No. 11027PC     Robert Crigler, Judge**

---

**No. M2007-01323-CCA-R3-PC - Filed May 16, 2008**

---

The petitioner, William Anthony Hayworth, appeals from the denial of his petition for post-conviction relief. The petitioner pled guilty to one count of aggravated robbery, a Class B felony, and one count of aggravated burglary, a Class C felony. He received a sentence of twenty years for the Class B felony and ten years for the Class C felony as a Range III, persistent offender, with the sentences to be served concurrently. He later filed a petition for post-conviction relief, alleging ineffective assistance of counsel. After careful review, we affirm the judgment from the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL and J.C. MCLIN, JJ., joined.

Donna Orr Hargrove, District Public Defender, and Andrew Jackson Dearing, III, Assistant Public Defender, for the appellant, William Anthony Hayworth.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Charles F. Crawford, Jr., District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner pled guilty to both aggravated robbery and aggravated burglary. He was charged with two additional co-defendants and made multiple statements to the police regarding his involvement in the crimes. According to the police report, the petitioner and his accomplices kicked in a door to a residence and robbed its inhabitants at gunpoint. One of the victims was able to phone 9-1-1 prior to being subdued by the petitioner. The trio was outside the residence when the police arrived. The police recovered the weapon, a black BB pistol, in the driveway.

The petitioner was represented by two different attorneys during the course of the proceedings; one attorney represented him at the preliminary hearing and a different attorney represented him during the criminal court phase of the proceedings. During the post-conviction hearing, the petitioner testified that counsel did not keep him informed about the proceedings. He testified that he did not know that he was having a trial until counsel informed him in court the morning the trial was to begin. The petitioner did acknowledge that trial counsel informed him about his possible sentencing range and that he was a Range III offender. He insisted that he did not know he was entering an open plea despite the fact that the plea agreement stated it was an open plea.

Counsel for the preliminary hearing testified that he had practiced law for sixteen years at the time of the petitioner's case and that he met with the petitioner several times prior to the hearing. He stated that he filed for and received discovery that included three separate taped statements of the defendant making incriminating statements. He testified that he negotiated extensively with the petitioner and obtained an offer of a fifteen-year sentence, which the petitioner refused. Counsel told the petitioner that the deal would be rescinded once the case was set for trial.

Trial counsel testified that he had practiced law for twenty-eight years at the time of his representation of the petitioner. He said that he met with or talked to the petitioner on several occasions. He said he believed the petitioner would be convicted, so their best plan was to enter a plea. Counsel said that the State did not want to agree to concurrent sentencing, but he negotiated that part of the agreement. Counsel testified that the petitioner was fully aware of what he was doing in entering the plea and that he had no doubt the petitioner knew it was an open plea with sentencing to be decided by the judge.

Trial counsel testified that, on the day the sentence was to be set, he again negotiated with the State and received an offer of twenty years, the minimum for a Range III offender. He said the defendant was upset at the twenty-year deal, but they were concerned he would get more time if the trial court was to sentence him based on his prior record.

Analysis

The petitioner argues that trial counsel was ineffective for failing to interview witnesses and for misleading him into believing that a fifteen-year plea offer was still available. The petitioner alleged ineffective assistance of counsel, and it was the petitioner's burden in the post-conviction court to prove the allegations by clear and convincing evidence in order to obtain relief. Tenn. Code Ann. § 40-30-210(f). We are required to affirm the post-conviction court's findings unless the petitioner proves that the evidence preponderates against those findings. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

In order to prove ineffective assistance of counsel, the petitioner must prove that (1) counsel's performance was deficient, and (2) the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings were fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L.

Ed. 2d 674 (1984). The Tennessee Supreme Court has also applied this standard to the right to trial counsel under Article I, Section 9 of the Tennessee Constitution, State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989), and to the right to counsel on direct appeal under the Fourteenth Amendment. Campbell v. State, 904 S.W.2d 594, 596 (Tenn. 1995).

In Hill v. Lockhart, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), the Supreme Court applied the two-part Strickland standard to ineffective assistance of counsel claims arising out of a guilty plea. The court in Hill modified the prejudice requirement by requiring a petitioner to show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. 474 U.S. at 59, 106 S. Ct. at 370; Nichols v. State, 90 S.W.3d 576, 587 (Tenn. 2002).

When a petitioner claims that counsel did not interview witnesses, it is well settled that the witnesses should be presented by the petitioner at the evidentiary hearing. Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Generally, presenting such witnesses in the post-conviction hearing is the only way a petitioner can establish that "the failure to discover or interview a witness inured to his prejudice . . . or . . . the failure to have a known witness present or call the witness to the stand resulted in the denial of critical evidence which inured to the prejudice of the petitioner." Id. Here, the petitioner did not call any of the alleged overlooked witnesses during the post-conviction hearing. The State argues that the failure to present the alleged witnesses constitutes failure to demonstrate either deficient performance or prejudice. We agree, and the petitioner is not entitled to relief on this issue.

Next, the petitioner contends that counsel misled him into believing that he was going to receive a fifteen-year sentence. The petitioner testified that he was surprised to learn that he was going to be sentenced to twenty-years but accepted it because he was told he had no other choice. He said that he would have elected to go to trial rather than enter a plea to twenty years.

The record before us does not include the transcripts of the preliminary hearing, the guilty plea hearing, or the sentencing hearing. The only item in the record that gives any guidance as to the entry of the plea is the "Petition To Enter Plea of Guilty," which is signed by the petitioner. Part seven of the plea petition expressly states "that the Court will consider each count of the indictment or information to which I plead 'GUILTY' as a separate offense" and makes no mention of any set sentence. Further, in an area above the petitioner's signature, the petition states that the plea is a best interest plea and an "open" plea with the sentences to run concurrent to each other by agreement with the prosecution. The petitioner signed the statement. He has not presented evidence to overcome his burden of proving counsel's representation to be deficient. The post-conviction court accredited the testimony of counsel during the post-conviction hearing, and the petitioner has not presented any evidence to demonstrate that the post-conviction court ruled in error. Therefore, the petitioner is entitled to no relief, and we affirm the judgment from the post-conviction court.

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgment from the post-conviction court.

_____
JOHN EVERETT WILLIAMS, JUDGE