Kenneth Wayne CAMPBELL,
Petitioner/Appellant,

v.

STATE of Tennessee,
Respondent/Appellant.

Supreme Court of Tennessee,
at Knoxville.

July 10, 1995.

Ann C. Short, Knoxville, for appellant.

Rebecca Freeman, Nashville, for amicus curiae Tennessee Ass'n of Criminal Defense Lawyers.

Charles W. Burson, Atty. Gen. and Reporter, Rebecca L. Gundt, Asst. Atty. Gen., for appellee.

## OPINION

ANDERSON, Chief Justice.

In this post-conviction proceeding, the sole issue before this Court is whether the petitioner, Kenneth Wayne Campbell, was denied his constitutional right to the effective assistance of counsel on direct appeal to this Court. After an evidentiary hearing, the trial court found no merit to the petitioner's claim. We affirm the trial court's judgment.

### BACKGROUND

The petitioner was convicted in March, 1982, of first-degree murder in the perpetration of a robbery, and sentenced to death by electrocution, for fatally beating an elderly man and stealing the victim's watch, ring, and wallet. The case was heard by this Court on direct appeal, and the conviction and sentence were affirmed.[1]

The same attorney represented the petitioner at trial and on appeal. Four issues were raised in the petitioner's brief for review by this Court in the direct appeal: 1) the sufficiency of the convicting evidence; 2) the sufficiency of the evidence to establish that the homicide occurred during the commission of a felony; 3) the trial court's refus-

al to suppress the petitioner's written pretrial statement; and 4) the fact that the sentencing jury verdict form had been lost or misplaced by the trial court. During oral argument, however, the State pointed out that evidence had been admitted that the petitioner had been previously convicted of grand larceny and second-degree burglary, crimes which normally do not involve the use or threat of violence to the person, and that the convictions had been admitted erroneously at the sentencing phase to prove the aggravating circumstance that the petitioner had been previously convicted of one or more felonies involving *the use or threat of violence to the person.*[2] The parties were asked to file a supplemental brief discussing whether the error was harmless. This Court determined that none of the issues initially raised by the petitioner had merit and that the error in admitting the evidence of the prior non-violent felonies was harmless beyond a reasonable doubt. Accordingly, the petitioner's conviction and sentence were affirmed by this Court, and the United States Supreme Court denied certiorari review.

Thereafter, the petitioner filed this post-conviction proceeding, alleging numerous grounds for relief, including this claim that he was denied effective assistance of counsel on direct appeal in violation of his constitutional rights. Following an evidentiary hearing, the trial court denied the petition for post-conviction relief. The Court of Criminal Appeals affirmed the trial court's denial as to the petitioner's conviction, but reversed as to the sentencing phase of the trial, concluding that a new sentencing hearing was required because of ineffective assistance of counsel and *Middlebrooks* error.[3]

■ The Court of Criminal Appeals also transferred to this Court the issue of ineffective assistance of counsel on direct appeal in compliance with Tenn.Code Ann. § 40–30–

1. *State v. Campbell*, 664 S.W.2d 281 (Tenn.1984), *cert. denied*, 469 U.S. 920, 105 S.Ct. 302, 83 L.Ed.2d 236 (1984).

2. Tenn.Code Ann. § 39–2–203(i)(5) (1982).

3. In *State v. Middlebrooks*, 840 S.W.2d 317, 346 (Tenn.1992), a majority of this Court concluded

that when a defendant is convicted of felony murder, the State's use of that fact to establish an aggravating circumstance at the sentencing hearing violates Art. I, § 16 of the Tennessee Constitution, and the Eighth Amendment of the federal constitution.

103(b)(1) (1990), which required at that time that a post-conviction claim of ineffective assistance of counsel on appeal "be heard and determined by ... the appellate judges who reviewed such conviction if ... available."[4] Thereafter, the petitioner filed a Tenn. R.App.P. 11 application, seeking review of the Court of Criminal Appeals' denial of his post-conviction challenges to his conviction, but the application was denied by this Court. As a result, the sole issue for determination in this appeal, is whether the petitioner received effective assistance of counsel on direct appeal to this Court. *See Cooper v. State,* 849 S.W.2d 744 (Tenn.1993). On this issue, the findings of fact of the trial judge are conclusive on appeal unless the evidence preponderates against the judgment. *Id.*

### INEFFECTIVE ASSISTANCE OF COUNSEL

The United States Supreme Court in *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), held that the Fourteenth Amendment guarantees a criminal defendant the right to assistance of counsel on his first appeal. Recognizing that a defendant whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all, the right to assistance of counsel on appeal was held to necessarily include the right to effective assistance of counsel in *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).

■ The standard by which effective assistance of counsel is judged in Tennessee requires that the advice given or the services rendered be within the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose,* 523 S.W.2d 930, 936 (Tenn. 1975). Early on we recognized that it is not our function to "second guess" tactical and strategic choices pertaining to defense matters or measure a defense attorney's representation by "20–20 hindsight" when deciding

the effectiveness of trial counsel. *Hellard v. State,* 629 S.W.2d 4, 9 (Tenn.1982). Those same principles apply as well when determining the effectiveness of appellate counsel. *Cooper v. State,* 849 S.W.2d at 746.

■ The test devised by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 688 (1984), and adopted by this Court in *Butler v. State,* 789 S.W.2d 898, 899 (Tenn.1990), avoids just such a backward looking approach. Under that test,

the defendant must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.... Unless the defendant makes both showings, it cannot be said that the conviction or ... sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* That rule was recently reaffirmed in *Overton v. State,* 874 S.W.2d 6, 11 (Tenn. 1994), in which we stated that, in post-conviction proceedings alleging the ineffective assistance of counsel, the petitioner bears the burden of showing both the unreasonableness of the counsel's performance and the actual prejudice resulting from that performance.

■ In this appeal, the petitioner has failed to make either showing. The petitioner first contends that he was denied the effective assistance of counsel on appeal because the brief submitted in the direct appeal was prima facie inadequate in a death penalty case because it only addressed a limited number of issues and because it did not analyze the issues raised at sufficient length.

■ Initially, we reiterate that there is no constitutional requirement that an attorney

---

**4.** That statute has since been amended to provide that "[a]t either the trial proceeding or an appellate proceeding reviewing the proceeding, the presiding judge of the appropriate court shall assign a judge to hear the petition. **The issue of competency of counsel may be heard by a judge other than the original hearing judge."** Tenn.

Code Ann. § 40–30–103(b) (1994 Supp.) (emphasis added). Thus, in the future, when the issue of ineffective assistance of appellate counsel is raised in a post-conviction case in which the initial appeal was direct to this Court, the Court of Criminal Appeals need not transfer that issue to this Court.

argue every issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 750–51, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987, 992–93 (1983); *Cooper v. State*, 849 S.W.2d at 747. Generally, the determination of which issues to present on appeal is a matter which addresses itself to the professional judgment and sound discretion of appellate counsel. *Jones v. Barnes*, 463 U.S. at 750, 103 S.Ct. at 3312, 77 L.Ed.2d at 992; *Cooper v. State*, 849 S.W.2d at 747; *State v. Draper*, 800 S.W.2d 489, 498 (Tenn. Crim.App.1990); *State v. Swanson*, 680 S.W.2d 487, 491 (Tenn.Crim.App.1984).

Moreover, the determination of which issues to raise on appeal can be characterized as tactical or strategic choices, which we have already stated should not be "second guessed" on appeal, subject, of course, to the range of competence required of attorneys in criminal cases. *See Hellard v. State*, 629 S.W.2d at 9; *Baxter v. Rose*, 523 S.W.2d at 936. After carefully considering the record in this case, we conclude that the brief submitted in the direct appeal fell within the acceptable range of competence demanded of attorneys in criminal cases.[5]

■ Assuming, however, for the sake of argument, that the brief in question did not meet the required standard of competence, the petitioner has failed to point to any prejudice that he suffered as a result of the alleged deficiency. Unless both deficient performance and resulting prejudice are shown, a claim of ineffective assistance of counsel must fail. *Overton v. State*, 874 S.W.2d at 11; *Cooper v. State*, 849 S.W.2d at 747; *Butler v. State*, 789 S.W.2d at 899. To establish prejudice, the petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Overton v. State*, 874 S.W.2d at 11. A probability is "reasonable" if it is "sufficient to undermine confidence in the outcome" of the proceeding. *Id.* The

petitioner does not suggest a specific issue that, if addressed in the appellate brief, would have affected the result of the appeal. Thus, the petitioner's challenge to the brief and allegation of ineffective assistance of appellate counsel is without merit.

■ Petitioner next alleges that counsel's ineffectiveness at trial in failing to make several objections, and thereby failing to preserve errors for appeal, rendered his representation on appeal constitutionally inadequate. The State responds that these allegations relate to the issue of ineffective assistance of trial counsel, not appellate counsel, and therefore, are not properly before this Court. We agree. The trial court's determination of the issue of alleged ineffectiveness of trial counsel at the conviction phase was reviewed by the Court of Criminal Appeals, and we denied the petitioner's application for permission to appeal. We decline to review indirectly issues previously determined by the trial court and the Court of Criminal Appeals.

In conclusion, after carefully considering the petitioner's arguments, we agree with the trial court that the petitioner's claim of ineffective assistance of counsel on appeal is without merit. Accordingly, we affirm the trial court's judgment and tax costs of this appeal to the petitioner, Kenneth Wayne Campbell.

DROWOTA and REID, JJ., and GODDARD and SUSANO, Special Judges, concur.

---

5. The Tennessee Association of Criminal Defense Lawyers (TACDL) has filed an amicus curiae brief urging this Court to direct counsel to look to and be guided by the American Bar Association *Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases*, specifically *Guideline 11.9.2, Duties of Appellate Counsel,* to determine the standard for the range of

competence in capital appeals. Although this Court referred to the ABA Standards in *Baxter v. Rose supra,* we firmly refused to "lay down any specific standards or guidelines," but instead let the matter rest on "a foundation of reasonable competence." *Id.,* 523 S.W.2d at 936. We decline the invitation of amicus to depart from that general standard here.