IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 2, 2008

## DONALD MAYS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-26606      John P. Colton, Judge**

---

**No. W2007-02585-CCA-MR3-PC  -   Filed July 17, 2009**

---

The petitioner, Donald Mays, appeals the denial of his petition for post-conviction relief.  The petitioner has previously been granted a remand to the post-conviction court for consideration of the issues that he now appeals: (1) whether trial counsel was ineffective for failing to allege in his motion for new trial that the trial court erred in failing to instruct the jury on robbery as a lesser included offense of aggravated robbery; and (2) whether appellate counsel was ineffective for failing to raise on appeal that it was plain error for the trial court not to instruct on robbery as a lesser included offense of aggravated robbery.  After careful review, we affirm the judgment from the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which J.C. MCLIN, J., joined. CAMILLE R. MCMULLEN J., not participating.

Charles W. Gilchrist, Jr., Memphis, Tennessee, for the appellant, Donald Mays.

Robert E. Cooper, Jr., Attorney General and Reporter; Elizabeth B. Marney, Senior Counsel; William L. Gibbons, District Attorney General; and Glen Baity, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The facts of this appeal were summarized as follows in this court's opinion:

The convictions were based upon an incident occurring on June 17, 1999, involving the kidnapping of 19-year-old Dayton Smith, the daughter of Viola Taylor. While the victim waited in the car for her mother, the petitioner entered Ms. Taylor's vehicle, found the keys in the ignition, pulled a gun, and drove away. There was evidence that as the victim demanded to be released, the petitioner stole two of her rings, having a total value of approximately $500.00, and then drove away in a

reckless manner. When the petitioner slowed at an intersection, the victim jumped out of the vehicle, injuring her arm and leg, and then returned to the Jefferson Building.

Two weeks later, the petitioner "rented" the stolen vehicle to Derrick Houston for $9.00 and a rock of cocaine. Houston, after being stopped by the police in West Memphis, Arkansas, led officers to the petitioner. The victim first identified the petitioner in a photographic lineup and then identified the petitioner at trial. Other evidence, particularly a glove, connected the petitioner to the crime. The victim found the glove, which bore the petitioner's surname "Mays," in the trunk of her vehicle one week before trial. Neither the state nor the defense discovered the existence of the glove until the last day of the trial.

*Donald Mays v. State*, No. W2003-02761-CCA-R3-PC, 2004 Tenn. Crim. App. LEXIS 967, at **2-3 (Tenn. Crim. App. at Jackson, Oct. 28, 2004), perm. app. denied (Tenn. Feb. 28, 2005).

Analysis

In his first issue, the petitioner argues that trial counsel was ineffective for failing to allege in his motion for new trial that the trial court erred in failing to instruct the jury on robbery as a lesser included offense of aggravated robbery. He contends that trial counsel had a duty to object to the trial court's refusal to instruct on robbery as a lesser included offense of aggravated robbery. In its opinion on the petitioner's first appeal of his petition for post-conviction relief, this court stated that "the proof offered at trial justified instructions on aggravated kidnapping, kidnapping, robbery, and theft, the trial court erred by failing to instruct the jury as to those offenses." *Donald Mays*, 2004 Tenn. Crim. App. LEXIS 967, at *17. This court, on appeal, remanded the issue of the omission of the lesser included offenses to the post-conviction court.

On remand, the post-conviction court determined that the failure to instruct the jury on the lesser included offense of robbery was harmless error and specifically stated that "no reasonable jury *would* have convicted on the lesser included offenses of robbery . . . instead of the charged offense of aggravated robbery." The post-conviction court reached this conclusion because the evidence at trial was uncontroverted that the petitioner used a deadly weapon, holding it on the victim during the duration of the car ride.

Since the petitioner alleged ineffective assistance of counsel, it was the petitioner's burden in the post-conviction court to prove the allegations by clear and convincing evidence. T.C.A. § 40-30-210(f)(2006). We are required to affirm the post-conviction court's findings unless the petitioner proves that the evidence preponderates against those findings. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999).

In order to prove ineffective assistance of counsel, the petitioner must prove that (1) counsel's performance was deficient, and (2) the deficiency was prejudicial in terms of rendering a

reasonable probability that the result of the trial was unreliable or the proceedings were fundamentally unfair. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). The Tennessee Supreme Court has also applied this standard to the right to trial counsel under Article I, Section 9 of the Tennessee Constitution, *State v. Melson*, 772 S.W.2d 417, 419 n.2 (Tenn. 1989), and to the right to counsel on direct appeal under the Fourteenth Amendment. *Campbell v. State*, 904 S.W.2d 594, 596 (Tenn. 1995).

The issue of deficient performance by counsel and possible prejudice are mixed questions of law and fact. *Burns*, 6 S.W.3d at 461. Because the issue on appeal in the instant case involves a conclusion of law, this court's review is *de novo*. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

Following the remand from this court, the post-conviction court's order analyzed whether the failure to instruct the jury on robbery amounted to harmless error. In its review, the trial court stated that a conviction of aggravated robbery requires that the perpetrator either use a deadly weapon or cause serious bodily injury. T.C.A. § 39-13-402 (2006). Robbery is a lesser included offense of aggravated robbery and is defined as the intentional or knowing theft of property from the person of another by violence or putting the person in fear. T.C.A. § 39-13-401 (2006). Aggravated robbery differs from the charge of robbery in that it includes an additional element requiring that the defendant accomplish the act with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon. T.C.A. § 39-13-402. The post-conviction court found that "the difference between aggravated robbery and robbery is unequivocal: aggravated robbery is accomplished with the use of a deadly weapon and the robbery charge makes no mention of a deadly weapon."

The post-conviction court ruled that trial counsel's failure to preserve the trial court's refusal to instruct on robbery was harmless beyond a reasonable doubt because the failure was not prejudicial and did not effect the outcome of the trial. A finding of no prejudice prevents the petitioner from demonstrating that counsel was ineffective because the petitioner must demonstrate that counsel's actions were deficient and were prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings were fundamentally unfair under the test in *Strickland v. Washington*, 466 U.S. at 687. Therefore, the petitioner is not entitled to relief on this issue because it was uncontroverted that a gun was used in the commission of this crime.

Next, the petitioner argues that his appellate counsel was ineffective for failing to raise on appeal, as plain error, the argument that the trial court erred in failing to instruct the jury on robbery as a lesser included offense of aggravated robbery. Specifically, the petitioner contends that appellate counsel was ineffective because, on the day counsel filed his motion to withdraw as appellate counsel, the Tennessee Supreme Court filed the opinion in *State v. Allen*, which held that "the trial court must provide an instruction on a lesser-included offense supported by the evidence even if such instruction is not consistent with the theory of the State or of the defense." 69 S.W.3d 181, 187-88 (Tenn. 2002).

-3-

As previously stated, the post-conviction court found that the proof that a gun was used was overwhelming and undisputed at trial. As a result, the post-conviction court found that the outcome of the trial would have been no different had the instruction for the lesser included offense of robbery been given. Consequently, we can conclude that the decision by appellate counsel not to pursue the issue of the jury instruction on robbery was harmless error. In the decision of *State v. Richmond*, 90 S.W.3d 648 (Tenn. 2002), the Tennessee Supreme Court held that the trial court's failure to instruct the jury on robbery was harmless error. Here, the post-conviction court concluded that the failure to pursue the instruction on robbery "did not affect the outcome of the trial beyond a reasonable doubt" for the same reason that the Tennessee Supreme Court in *State v. Richmond* determined that the evidence was overwhelming that the petitioner committed the robbery with a gun. Accordingly, we conclude that appellate counsel's failure to raise the issue of robbery as a lesser included offense of aggravated robbery is harmless error, and we affirm the judgment from the post-conviction court.

## Conclusion

Based on the foregoing and the record as a whole, we affirm the judgment from the post-conviction court.

_____
JOHN EVERETT WILLIAMS, JUDGE