IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## JIMMY DALE SMITH v. STATE OF TENNESSEE

**Circuit Court for Cheatham County**
**No. 10-813**

---

**No. M1999-00952-CCA-R3-PC - Filed October 4, 2000**

---

### ORDER

In 1990, the petitioner, Jimmy Dale Smith, was convicted by a Cheatham County jury of two counts of aggravated kidnapping. On direct appeal, the petitioner argued, inter alia, that he was denied the effective assistance of counsel at trial. This Court affirmed the conviction on direct appeal. State v. Jimmy Dale Smith, No. 01C01-9205-CC-00152, 1995 WL 84021 (Tenn. Crim. App. March 2, 1995). The petitioner then filed a post-conviction petition alleging that he was denied the effective assistance of appellate counsel. Following a hearing, the post-conviction court denied the defendant's petition, and the petitioner appeals that ruling here. Based on our review of the briefs and of the record, we conclude that this is an appropriate case for affirmance under Rule 20, Tennessee Court of Criminal Appeals Rules.

On appeal, the petitioner argues that his appellate counsel was ineffective because, following the petitioner's trial, appellate counsel argued in the motion for new trial that trial counsel was ineffective, but failed to present any evidence to prove the petitioner's claims. The petitioner also argues that appellate counsel's argument in the motion for new trial effectively foreclosed any post-conviction opportunity the petitioner had to litigate his trial counsel's ineffectiveness, because the issue of his trial counsel's ineffectiveness had been the subject of a prior proceeding, i.e., the new trial motion, and thus counsel's effectiveness had been "previously determined" thereby foreclosing relief on this issue. See, Tenn. Code Ann. § 40-30-206(f).

The petitioner is correct that his trial counsel's effectiveness has been previously determined. A post-conviction court shall dismiss any petition for post-conviction relief that claims relief for issues that have been waived or previously determined. Tenn. Code Ann. § 40-30-206 (f). Section 40-30-206 defines "previously determined" as follows:

> (h) A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing. A full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence.

Tenn. Code Ann. § 40-30-206 (h).  The petitioner presented this claim in his motion for new trial. After a hearing at which the petitioner testified, the trial court denied the petitioner's motion, and this Court affirmed the conviction.  Thus, we agree with the trial court that the issue of trial counsel's effectiveness has been previously determined.

The issue of appellate counsel's effectiveness, however, has not been previously determined, because it was raised for the first time in the petitioner's post-conviction petition.  Initially, we note that the same principles apply in determining the effectiveness of both trial and appellate counsel. Campbell v. State, 904 S.W.2d 594, 596-97 (Tenn.1995). When a claim of ineffective assistance of counsel is made under the Sixth Amendment, the burden is upon the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings fundamentally unfair.  Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); State v. Melson, 772 S.W.2d 417, 419 n. 2 (Tenn. 1989).  Moreover, the approach to the issue of the ineffective assistance of counsel does not have to start with an analysis of an attorney's conduct.  If prejudice is not shown, we need not seek to determine the validity of the allegations about deficient performance.  Strickland, 466 U.S. at 697.

At the post-conviction hearing, the substance of the petitioner's testimony was that, on appeal, the petitioner wished to proceed pro se.  We agree with the trial court that "[i]n view of the quality of Petitioner's pro se petition for post-conviction relief and his various amendments and motions, appellate counsel would have been ineffective had she presented Petitioner's appeal as he desired it to be presented."  Furthermore, nothing presented in the post-conviction petition or adduced at the hearing indicates that the petitioner was prejudiced in any way by his appellate counsel's performance.

IT IS, THEREFORE, ORDERED that the judgment of the trial court is affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules.  Because it appears that the petitioner is indigent, costs of this appeal are taxed to the state.

_____
JERRY SMITH, JUDGE


_____
DAVID H. WELLES, JUDGE


_____
JOHN EVERETT WILLIAMS, JUDGE