# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs August 3, 2010

## LATISHA JONES v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 04-02523     Chris Craft, Judge**

**No. W2009-02057-CCA-R3-PC  - Filed December 17, 2010**

The petitioner, Latisha Jones, appeals the denial of her petition for post-conviction relief. She was convicted of felony murder and especially aggravated robbery, both Class A felonies. She was sentenced to life for the murder conviction and to twenty-three years for the especially aggravated robbery conviction, with the sentences set to run consecutively. On appeal, she argues that both trial and appellate counsel were ineffective. After careful review, we affirm the denial of relief by the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR. and J.C. MCLIN, JJ., joined.

Claiborne H. Ferguson, Memphis, Tennessee, for the appellant, Latisha Jones.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; William L. Gibbons, District Attorney General; and Alanda Dwyer, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The facts surrounding the petitioner's convictions were summarized by this court on direct appeal. *State v. Latisha Jones*, No. W2005-02673-CCA-R3-CD, 2007 Tenn. Crim. App. LEXIS 68, at **2-10 (Tenn. Crim. App. at Jackson, Jan. 25, 2007). The petitioner and three other individuals were involved in robbing the victim at his home. The petitioner told a neighbor that they intended to rob the victim and acknowledged assaulting him with a beer bottle and a clawhammer.

The post-conviction hearings were held on separate dates. The petitioner and her

appellate counsel testified during the first hearing on August 1, 2008. The attorney who prosecuted the petitioner on behalf of the State testified during the second hearing on February 3, 2009.

Analysis

On appeal, the petitioner argues that his trial and appellate counsel were ineffective. Since the petitioner alleged ineffective assistance of counsel, it was the petitioner's burden in the post-conviction court to prove the allegations by clear and convincing evidence in order to obtain relief. T.C.A. § 40-30-110(f). We are required to affirm the post-conviction court's findings unless the petitioner proves that the evidence preponderates against those findings. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). For a petitioner to successfully overturn a conviction based on ineffective assistance of counsel, he must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Second, the petitioner must show that the deficiencies "actually had an adverse effect on the defense." *Strickland v. Washington*, 466 U.S. 668, 693 (1984). Should the petitioner fail to establish either factor, the petitioner is not entitled to relief. Our supreme court described the standard of review as follows:

> Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component.

*Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069). The petitioner is not entitled to the benefit of hindsight; the petitioner may not second-guess a reasonably based trial strategy; and the petitioner may not criticize a sound, but unsuccessful, tactical decision made after adequate preparation for the case. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *see Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

First, the petitioner argues that trial counsel was ineffective for failing to argue that the police violated her right to remain silent, pursuant to *Michigan v. Mosley*, 423 U.S. 96 (1975). The petitioner contends that she exercised her right to remain silent. She testified that she told officers that she did not want to speak with anyone about the charges she faced and wanted to be transported to the women's detention facility. Instead, she was transported to the homicide bureau of the Memphis Police Department, where she executed a waiver of her rights and gave a statement to police. In denying the petitioner relief, the post-conviction

court concluded that the proof reflected that the officers who transported the petitioner did not discuss the pending charges with her and did not discuss the petitioner's stated request to invoke her right to remain silent with their superiors. The petitioner later executed a waiver of her rights and did not claim that her statement was made involuntarily. The post-conviction court found that the petitioner lacked credibility in her claim that she told officers she wanted to exercise her right to remain silent. The post-conviction court found that the petitioner made several untrue statements and reversed herself when confronted with the facts.

The record supports the findings of the post-conviction court. The petitioner has not demonstrated that trial counsel rendered deficient performance. Even if trial counsel had asserted *Mosley* as the basis of the suppression of her statement, it would not have changed the outcome of the suppression motion. The petitioner ultimately waived her right to remain silent when she executed the waiver while talking with members of the police department. The petitioner is not entitled to relief on this issue.

Next, the petitioner argues that appellate counsel was ineffective. The same principles that apply in determining the effectiveness of trial counsel also apply in determining the effectiveness of appellate counsel. *Campbell v. State*, 904 S.W.2d 594, 596 (Tenn. 1995). A petitioner alleging ineffective assistance of appellate counsel must prove that appellate counsel acted below the range of competence in handling the appeal and that, absent counsel's deficient performance, there was a reasonable probability that the petitioner's appeal would have been successful. *See e.g., Smith v. Robbins*, 528 U.S. 259, 285 (2000). Appellate counsel for the petitioner testified during the post-conviction hearing that he was appointed to represent the petitioner on the motion for new trial and on appeal. He testified that he was appointed because trial counsel did not wish to proceed on appeal. Trial counsel filed a motion to suppress the petitioner's statement before trial but did not specifically state if it should be suppressed under the Fifth Amendment or Sixth Amendment. Appellate counsel testified that he filed an amended motion even though trial counsel had already filed a motion for new trial. On appeal, appellate counsel argued that the petitioner asserted her right to remain silent when she told officers that she did not wish to speak to anyone. Appellate counsel recalled that the arresting officers did not testify during the suppression hearing and that the officers responsible for questioning the petitioner were not informed by the arresting officers that the petitioner wished to remain silent. He testified that the issues he raised were waived on appeal because he did not include a transcript of the hearing on the amended motion for new trial that he filed on behalf of the petitioner and because trial counsel did not specifically assert the right to silence as a basis for suppressing her statement. He did not include the transcript because he did not have the hearing on the amended motion for new trial transcribed.

The post-conviction court did not make any specific findings of fact with regard to the effectiveness of appellate counsel. On appeal, the petitioner contends that appellate counsel was ineffective because he failed to include a transcript of the hearing on the motion for new trial in the record on appeal. However, the petitioner has failed to demonstrate that there is anything in that transcript that would allow her to meet her burden of showing that her appeal would have been successful if that transcript had been included on appeal. The petitioner only argues that she should automatically be entitled to relief because appellate counsel failed to include the transcript. In order to obtain relief, the petitioner must demonstrate that counsel's representation was deficient and that the deficiency caused her prejudice. We are in receipt of the transcript that was missing on direct appeal, and nothing in this transcript indicates that a different result would have been reached had it been contained in the record on direct appeal. The petitioner is unable to demonstrate prejudice and that the outcome of her appeal would have been different had appellate counsel included the transcript from the hearing. Therefore, the petitioner is not entitled to relief.

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgment from the post-conviction court.

_____
JOHN EVERETT WILLIAMS, JUDGE