IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs September 17, 2019

## PETR POMPA v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2014-B-1385    Monte Watkins, Judge**

_____

### No. M2019-00075-CCA-R3-PC

_____

The Petitioner, Petr Pompa, appeals the Davidson County Criminal Court's denial of post-conviction relief from his convictions of two counts of sexual battery by an authority figure and two counts of statutory rape by an authority figure. On appeal, the Petitioner contends that he was denied the effective assistance of counsel based on trial counsel's failure to: 1) raise in the motion for new trial the admissibility of opinion testimony from a school resource officer; 2) raise in the motion for new trial the admissibility of character testimony provided by a school counselor; and 3) object to the prosecutor's statements during closing argument. Following a review of the record and applicable law, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Matt Maniatis, Nashville, Tennessee, for the appellant, Petr Pompa.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; Glenn Funk, District Attorney General; and Roger Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS AND PROCEDURAL BACKGROUND

The Petitioner was convicted of two counts each of sexual battery by an authority figure and statutory rape by an authority figure as a result of sexually abusing his seventeen-year-old stepdaughter. *See State v. Petr Pompa*, No. M2016-00193-CCA-R3-

CD, 2017 WL 1014529, at *1 (Tenn. Crim. App. Mar. 15, 2017), *perm. app. denied* (Tenn. July 28, 2017). The victim disclosed the abuse to a friend, who then reported it to police. *Id*. at *2-3. Once the police were notified, Officer Steve Turner, the school resource officer at the victim's high school, called the victim to his office, but the victim only stated that she was "having some problems" and that it was a "boy thing." *Id.* at *3. The victim subsequently disclosed the abuse to Ms. April Gung, a school counselor, and to Detective Jason Mayo. *Id.* at *3-4. The Defendant testified at trial and denied sexually abusing the victim. *Id.* at *4-5. The evidence presented at trial was summarized in detail in this court's opinion on direct appeal. *Id.* at *1-5. As a result of his convictions, the Petitioner received an effective sentence of four years of confinement, followed by four years of probation. This court affirmed the Petitioner's convictions on direct appeal. *Id.* at *1.

## Post-Conviction Proceedings

The Petitioner subsequently filed a petition for post-conviction relief, alleging that trial counsel was ineffective. Trial counsel testified at the post-conviction hearing that he had practiced law for over thirty years and was retained to represent the Petitioner at trial and on direct appeal. Trial counsel acknowledged that this court deemed several of the issues raised on appeal waived because the issues were not raised in the motion for a new trial. He stated that he had raised objections to several of the issues at trial but that they were omitted from the motion for a new trial because he prepared the motion without the trial transcript. He explained that "there was no judgment call" made when excluding these issues from the motion for a new trial and that there was "no trial strategy, no appellate strategy to omit those issues from the motion for new trial." He stated that he did not represent clients on appeal often and that he did not keep sufficient notes during the trial to ensure that he adequately preserved the issues for appeal. Trial counsel said he had since modified his practice so that he obtained a transcript of the proceedings before preparing a motion for new trial.

Trial counsel recalled making some objections during Officer Turner's testimony, but trial counsel was unable to recall the basis for those objections and said he did not raise the issues in a motion for new trial. Trial counsel stated that the Petitioner's case was "resolved on credibility" and that the State presented many witnesses who were authority figures and who expressed their "personal professional opinions" in favor of the victim. Trial counsel believed that such testimony affected the verdict.

Trial counsel recalled that Officer Turner testified, "I just had a feeling something was bad or wrong." Trial counsel did not recall whether he objected to the testimony and was "pretty sure" that he did not raise the issue in the motion for new trial. With regard to Ms. Gung's testimony, trial counsel testified that he believed some of her testimony

was objectionable, but he could not recall whether he made any objections to her testimony at trial. He did not recall raising any issues regarding Ms. Gung's testimony in the motion for new trial.

Trial counsel was briefly questioned about the prosecutor's statement during closing argument. The prosecutor stated that:

> I think you can all judge for yourself what her demeanor said about her credibility. But her emotions that came through when she was on the stand testifying under oath [were] pretty apparent that they were genuine, and if they were not, then she should get an Academy Award because, so far, she's had everyone fooled. She should get an Academy Award for her performance because that would be impressive to be able to manufacture emotion that looks like that.

Trial counsel explained that he did not object during the closing argument because he "didn't see it in the moment." He stated that he came to the realization after conducting research that the prosecutor's statement during closing argument was objectionable as vouching for the victim's credibility.

Trial counsel testified that he believed that the combination of the improper testimony addressed by this court on direct appeal and the improper testimony to which trial counsel failed to object resulted in cumulative error. He explained that because multiple witnesses who were "experts in child care and child protection and child education" improperly expressed opinions, he believed such improper testimony was prejudicial. Trial counsel stated that his primary trial strategy was to limit the testimony that bolstered the victim's credibility and that he was aware that the State would attempt to present such testimony prior to trial. He noted that when Detective Mayo interviewed the Petitioner, Detective Mayo stated that he believed the victim and accused the Petitioner of lying. As a result, trial counsel filed a motion prior to trial in an effort to limit such testimony. Trial counsel testified that while he objected to much of this type of testimony at trial, he also "missed some important things."

Trial counsel did not believe that Ms. Gung's testimony that the victim "is not this type of person; she's reserved" affected the verdict alone. Rather, he testified that the statement, when considered with testimony from other witnesses expressing their personal opinion about the victim's character and the truth of the allegations, resulted in prejudice. Trial counsel noted that the Petitioner testified at trial and stated that absent the testimony vouching for the victim's credibility, the testimony of the Petitioner and the victim "would have been more on equal footing." Trial counsel stated that while he believed that the admission of the testimony vouching for the victim's credibility resulted

- 3 -

in prejudice, he did not know to what extent the admission of the testimony was prejudicial. He stated that it was "possible" that the outcome would have been different.

On cross-examination, trial counsel testified that he met with the Petitioner and prepared the defense prior to trial. Trial counsel was aware of the substance of each witness's testimony prior to trial, and he filed motions in limine and had pretrial hearings in an effort to limit the testimony. He also raised numerous issues regarding the admissibility of the testimony on direct appeal.

The Petitioner testified that he believed that both his own and the victim's credibility was at issue during the trial. On cross-examination, the Petitioner acknowledged that he testified at trial, but he did not believe that he had an adequate opportunity to present his side of the story because he was not permitted to testify about certain evidence he believed was helpful to his defense, particularly proceedings that occurred in juvenile court. The Petitioner agreed that he and trial counsel had a good relationship.

The post-conviction court issued a written order denying the Petitioner post-conviction relief. The post-conviction court found that even though "trial counsel contends that he could have done a better job," he was not ineffective. The post-conviction court determined that the Petitioner failed to establish deficiency and prejudice. The post-conviction court found that the Petitioner's testimony was not credible. The Petitioner now appeals the post-conviction court's denial of post-conviction relief.

## ANALYSIS

The Petitioner contends that trial counsel was ineffective for failing to include appealable issues in his amended motion for new trial. In particular, the Petitioner argues that trial counsel was ineffective for failing to "raise the issue of inadmissible opinion testimony made by School Resource Officer Turner" and the issue of character testimony presented by Ms. Gung. The Petitioner maintains that trial counsel was also ineffective for failing to object to the prosecutor's statements during closing argument.

A petitioner is entitled to post-conviction relief from any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. The petitioner has the burden of proving the allegations of fact in the petition by clear and convincing evidence. T.C.A. § 40-30-110(f); *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009). "'Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" *Grindstaff*,

297 S.W.3d at 216 (quoting *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998)).  A claim of ineffective assistance of counsel is a mixed question of law and fact. *Calvert v. State*, 342 S.W.3d 477, 485 (Tenn. 2011).  The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates against them.  Tenn. R. App. P 13(d); *Dellinger v. State*, 279 S.W.3d 282, 294 (Tenn. 2009).  An appellate court reviews de novo with no presumption of correctness the post-conviction court's conclusions of law.  *Mobley v. State*, 397 S.W.3d 70, 80 (Tenn. 2013).

A person accused of a crime is entitled to the assistance of counsel in criminal proceedings under the Sixth Amendment to the United States Constitution and under article I, section 9 of the Tennessee Constitution.  These provisions guarantee the reasonably effective assistance of counsel.  *Nesbit v. State*, 452 S.W.3d 779, 786 (Tenn. 2014).  The deprivation of this right is a cognizable claim under the Post-Conviction Procedure Act.  *Moore v. State*, 485 S.W.3d 411, 418 (Tenn. 2016).  To prevail on such a claim, the petitioner must show that trial counsel's representation "'so undermined the proper function of the adversarial process that the trial cannot be relied on as having produced a just result.'"  *Felts v. State*, 354 S.W.3d 266, 276 (Tenn. 2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 686 (1984)).

To establish an ineffective assistance of a counsel claim, the petitioner "must show that counsel's performance was deficient and that the deficiency prejudiced the defense." *Wiley v. State*, 183 S.W.3d 317, 329 (Tenn. 2006) (citing *Strickland* at 466 U.S. 692; *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996)).  This court "need not address both elements if the petitioner fails to demonstrate either one of them."  *Kendrick v. State*, 454 S.W.3d 450, 457 (Tenn. 2015).  To establish deficiency, the petitioner is required to show that trial counsel's actions "fell below an objective standard of reasonableness under prevailing professional norms."  *Wiley*, 183 S.W.3d at 329.  Trial counsel's performance is not deficient when the advice given is "within the range of competence demanded of attorneys in criminal cases."  *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975).  In order to establish prejudice as a result of trial counsel's deficient performance, the petitioner "'must establish a reasonable probability that but for counsel's errors the result of the proceeding would have been different.'"  *Finch v. State*, 226 S.W.3d 307, 316 (Tenn. 2007) (quoting *Vaughn v. State*, 202 S.W.3d 106, 116 (Tenn. 2006)).

The same principles that apply in determining the effectiveness of trial counsel apply when determining the effectiveness of appellate counsel.  *Campbell v. State*, 904 S.W.2d 594, 596 (Tenn. 1995).  The petitioner must prove that appellate counsel acted below the range of competence and that but for appellate counsel's performance, there was a reasonable probability that the petitioner's appeal would have been successful.  *See Smith v. Robbins*, 528 U.S. 259, 285 (2000).

## I. Officer Turner's Testimony

The Petitioner argues that trial counsel was ineffective for *failing* to object at trial to Officer Turner's statement, "If we feel like there's danger or something with the child then, yes, we go on to the next level." The Petitioner also asserts that trial counsel was ineffective for failing to raise this challenge in the motion for new trial. The Petitioner maintains that this is inadmissible character evidence pursuant to Tennessee Rule of Evidence 608(a) because Officer Turner was not permitted to testify about his job protocol, as he was not accepted as an expert witness. The State responds that this court has already reviewed this issue under the plain error doctrine.

On direct appeal, the Petitioner challenged the admissibility of this testimony by Officer Turner. *Petr Pompa*, 2017 WL 1014539, at *8. This court concluded that the Petitioner waived plenary review of the issue by failing to include it in his motion for new trial, and this court also noted that the Petitioner did not object to the statement at trial. *Id.* However, this court addressed the issue under the plain error doctrine. *Id.* at *8-9. We determined that the Petitioner failed to show that "a clear and unequivocal law was breached, a substantial right was adversely affected, or that consideration of the error is necessary to do substantial justice." *Id.* at *9. Accordingly, the Petitioner has not established that he was prejudiced by trial counsel's failure to properly preserve the issue. This court "need not address both elements if the petitioner fails to demonstrate either one of them." *Kendrick*, 454 S.W.3d at 457. The Petitioner is not entitled to relief.

## II. Ms. Gung's Testimony

The Petitioner contends that trial counsel was ineffective for failing to raise in the motion for new trial the issue of inadmissible character testimony given by Ms. Gung. Specifically, the Petitioner takes issue with Ms. Gung's statement that the victim "was never one to be attention seeking." The State argues that the Petitioner is not entitled to post-conviction relief because he has not proved that he would have been successful on appeal. We agree with the State.

Ms. Gung was the senior guidance counselor and knew the victim and the other senior students well. Ms. Gung testified that it was her first year working at the victim's high school and that she made it a point to get to know all of her students. Ms. Gung recalled that the victim was visibly upset when she came into Ms. Gung's office. The following exchange then took place at trial:

> Q. Ms. Gung, when [the victim] came into your office, what was her demeanor?

A. She was upset, was stressed, crying.

Q. And what have you observed her demeanor to be like in general outside of this event?

A. I always knew [the victim] to be very calm. She's pretty reserved. She was never one to be attention seeking, and I would say someone that kind of stays on the outskirts of the fray.

At that point, trial counsel objected and moved to strike Ms. Gung's answer. Trial counsel argued that Ms. Gung improperly testified about the victim's general character. The trial court overruled the objection finding that Ms. Gung was permitted to testify about her "personal perceptions" of the victim.

This court determined that this issue was waived on direct appeal because it was not included in the motion for new trial and the Petitioner did not request this court to analyze this issue for plain error. *Petr Pompa*, 2017 WL 1014529, at *10. The Petitioner alleges that Ms. Gung's testimony that the victim "was never one to be attention seeking" was admitted in violation of Tennessee Rule of Evidence 608(a) because her testimony included "personal opinions and conclusions of opinions regarding the facts." The State maintains that Ms. Gung's testimony about the victim's demeanor was factual and was based on her personal observations of the victim.

Tennessee Rule of Evidence 608(a) allows a witness's credibility to be "attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may only refer to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked." The Petitioner has failed to establish by clear and convincing evidence that if trial counsel had included a challenge to Ms. Gung's testimony based on Rule 608(a) in the motion for new trial, he would have been successful on appeal. Ms. Gung's testimony that the victim was reserved and "never one to be attention seeking" is a description of the victim's demeanor rather than testimony regarding the victim's character and was based on her perception of the victim and her previous experience of the victim. Ms. Gung testified about her personal perception of the victim based on her interactions with her, and we conclude that such testimony was properly admitted.

The Petitioner argues that trial counsel's deficiencies were prejudicial because if trial counsel properly preserved the issues regarding Officer Turner and Ms. Gung's testimonies, he would have been entitled to relief on direct appeal under the cumulative error doctrine. The cumulative error doctrine recognizes that there may be multiple

- 7 -

errors committed throughout trial proceedings, "'each of which in isolation constitutes mere harmless error, but which when aggregated, have a cumulative effect on the proceedings so great as to require reversal in order to preserve a defendant's right to a fair trial.'" *State v. Hester*, 324 S.W.3d 1, 76-77 (Tenn. 2010)). The Petitioner has failed to demonstrate that there were any errors in the admission of Officer Turner and Ms. Gung's testimony. Therefore, he has failed to establish that he could have obtained relief on direct appeal under the cumulative error doctrine had trial counsel properly preserved the issues.

### III. Prosecutor's Statement During Closing Argument

The Petitioner maintains that trial counsel was ineffective for failing to object during the prosecutor's closing argument. The Petitioner contends that the prosecutor's statement that if the victim's emotions were not genuine then "she should get an Academy Award because, so far, she's had everyone fooled. She should get an Academy Award for her performance because that would be impressive to be able to manufacture emotion that looks like that." The Petitioner made the same argument on direct appeal, and this court determined that the issue had been waived because the Petitioner did not object during trial or raise this issue in his motion for a new trial. *Petr Pompa*, 2017 WL 1014529, at *9.

An improper closing argument will not constitute reversible error unless the argument is so inflammatory or improper that it affected the outcome of the trial. *State v. Cribbs*, 967 S.W.2d 773, 786 (Tenn. 1998). This court has recognized five general areas of prosecutorial misconduct that can occur during closing argument:

(1) intentionally misleading or misstating the evidence;
(2) expressing a personal belief or opinion as to the truth or falsity of the evidence or [Petitioner]'s guilt;
(3) making statements calculated to inflame the passions or prejudices of the jury;
(4) injecting broader issues than the guilt or innocence of the accused; and
(5) intentionally referring to or arguing facts outside the record that are not matters of common public knowledge.

*State v. Goltz*, 111 S.W.3d 1, 5 (Tenn. Crim. App. 2003). The Petitioner argues that the prosecutor improperly expressed his belief that the victim testified truthfully. When determining whether a statement made in closing argument warrants reversal we consider: 1) the statement in context of the argument and in light of the facts of the case; 2) any curative measures rendered by the court or the State; 3) the prosecutor's intent in making the statement; 4) the cumulative effect of the improper statement and any other

errors in the record; and 5) the relative strength of the case. *Judge v. State*, 539 S.W.2d 340, 344 (Tenn. Crim. App. 1976).

The Petitioner argues that the prosecutor's closing argument mirrors that of the prosecutor in *State v. James Thomas, Jr.*, No. M2014-00972-CCA-R3-CD, 2015 WL 448488 (Tenn. Crim. App. July 23, 2015). The State asserts that *James Thomas, Jr.* is distinguishable from the present case. We agree with the State. The prosecutor in *James Thomas, Jr.* made six separate statements during closing argument that were "intended to persuade the jury that the victim's testimony was truthful" and repeatedly commented on the veracity of the victim's testimony. *Id.* at *7-8. (stating that "the account that the victim gives is not a lie" and that the victim was "telling the truth"). The final improper comment made by the prosecutor in *Thomas* was "[i]f [the victim]'s not telling the truth in that interview, then give her an Academy Award." *Id.* at *7. This court did not hold that the term "Academy Award" warranted automatic reversal but determined that when analyzing the facts and circumstances of the case, the prosecutor's six statements during closing arguments warranted reversal. *Id.* at *8.

The prosecutor in the present case made one comment about the truthfulness of the victim's testimony. While the comment was improper, the evidence of guilt was strong, and we conclude that the Petitioner has not met his burden of demonstrating that the prosecutor's single statement warranted reversible error. Therefore, he is not entitled to relief.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the post-conviction court.

---

JOHN EVERETT WILLIAMS, PRESIDING JUDGE

- 9 -