IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 8, 2013

**DONALD MICKENS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 07-01696    John Fowlkes, Judge**

———

**No.  W2012-00562-CCA-R3-PC  - Filed March 12, 2013**

———

Petitioner, Donald Mickens, appeals the denial of post-conviction relief.  Petitioner was convicted of multiple drug offenses.  As a result of the convictions, Petitioner was sentenced to an effective sentence of twenty-five years.  The convictions and sentence were affirmed on appeal.  *See State v. Donald Mickens*, No. W2009-00586-CCA-R3-CD, 2010 WL 2697164 (Tenn. Crim. App., at Jackson, Jul. 8, 2010).  Petitioner sought pro se post-conviction relief on the basis of ineffective assistance of counsel.  Counsel was appointed and an amended petition was filed.  After a hearing, the post-conviction court denied relief.  Petitioner initiated this appeal.  After a review, we determine the evidence does not preponderate against the judgment of the post-conviction court. Petitioner failed to show that he received ineffective assistance of counsel or that the performance of counsel was prejudicial.  Accordingly, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL and D. KELLY THOMAS, JR., JJ., Joined.

Paul K. Guibao, Memphis, Tennessee, for the appellant, Donald Mickens.

Robert E. Cooper, Jr., Attorney General and Reporter, Benjamin A. Ball, Assistant Attorney General; Amy P. Weirich, District Attorney General, and Alycia Carter, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

Petitioner's underlying convictions stemmed from undercover drug purchases that took place in 2007-08. *See State v. Donald Mickens*, 2010 WL 2697164, at *1.

As a result of the convictions, the court ordered Petitioner to serve his sentences in consecutively, for an effective sentence of twenty-five years at thirty-five percent.

This Court summarized the facts leading up to the convictions as follows:

On January 24, 2007, Officers Christopher Oslanzi and Michael Stewart of the Memphis Police Department arranged an undercover drug purchase at the McDonald's on Austin Peay Highway in Memphis, Tennessee. The two officers had an "unwilling informant," Douglas Stafford, contact [Petitioner] using a cell phone belonging to one of the officers. [Petitioner] arrived at the location in an early 1990's model green Cadillac. The undercover officers gave Stafford the organized crime money to buy the drugs. Both officers observed Stafford give the money and then saw [Petitioner] give the narcotics to Stafford, who then relinquished the drugs to Officer Oslanzi. Officer Oslanzi stated that [Petitioner] was not visible in the surveillance video taken on January 24, 2007, because of the small concealed video camera they used in undercover operations. Officer Stewart confirmed that a 1994 Cadillac with license number 708 LJK had been registered to [Petitioner] on February 19, 2004.

On January 25, 2007, Officers Oslanzi and Stewart arranged another undercover drug purchase involving [Petitioner] at a BP gas station on Stafford Road near Covington Pike in Memphis. The officers had obtained [Petitioner's] telephone number the previous day when Douglas Stafford had contacted him. The officers called [Petitioner] and arranged a second controlled drug purchase. [Petitioner] arrived at the gas station in a Dodge Intrepid with Willie Shivers in the front passenger seat. Someone in the Intrepid motioned for Officer Oslanzi to go over to the passenger side of their vehicle. Officer Oslanzi then purchased crack cocaine from Willie Shivers, who immediately gave the money to [Petitioner]. The officers then observed [Petitioner] give the drugs to Shivers, who then handed them to Officer Oslanzi. Officer Stewart characterized his view of [Petitioner's] involvement

in the exchange of drugs on January 25, 2007, as a "movement of the hands." Officer Oslanzi confirmed that [Petitioner] was visible in the surveillance video taken on January 25, 2007. Officer Stewart confirmed that a black 1998 Dodge Intrepid with license number 543 LWK had been registered to [Petitioner] on November 27, 2006.

On January 26, 2008, Officers Oslanzi and Stewart called [Petitioner] to arrange a third undercover drug purchase at the Kmart at Austin Peay Highway in Memphis. When [Petitioner] arrived at the Kmart in the Dodge Intrepid, Officer Stewart exited the driver's side of his undercover vehicle and walked over to [Petitioner's] driver side window, where he gave [Petitioner] organized crime funds, and [Petitioner] gave him crack cocaine. Shivers was again present in the passenger seat during this controlled buy. Also, on January 26, 2008, Officer Oslanzi identified [Petitioner] in a photographic lineup as the individual involved in all three of the January 2007 drug transactions. Officer Oslanzi stated that [Petitioner] was not visible in the surveillance video taken on January 26, 2007.

On direct appeal, Petitioner argued that the trial court erred in admitting evidence of prior acts involving drugs. This Court affirmed the convictions. *Id.* at *18. Petitioner did not file an application for permission to appeal.

Petitioner filed a pro se petition for post-conviction relief. The pro se petition alleged that the State committed prosecutorial misconduct as evidenced by the following: (1) the failure to disclose favorable evidence; (2) the admission of illegal evidence, including evidence of prior bad acts; (3) the inclusion of improper jury instructions regarding Petitioner's prior bad acts; (4) the failure of the trial court to grant a continuance; (5) the imposition of illegal consecutive sentencing and (6) ineffective assistance of counsel. Counsel was appointed and an amended petition for relief was filed. The amended petition for relief characterized as an additional ground for post-conviction relief listed ineffective assistance of counsel based on the alleged failure of counsel to confer with Petitioner, advise Petitioner of his rights, conduct appropriate investigations, and appeal the sentence imposed by the trial court.

The post-conviction court held a hearing on the petition. At the hearing, Petitioner testified that his first trial resulted in a mistrial. Prior to the second trial, Petitioner claimed that he met with his counsel "once or twice" but conceded on cross examination that he actually met with counsel more times than two. According to Petitioner, he did not receive a copy of the discovery material from counsel. Petitioner acknowledged that he watched the video recordings taken by undercover officers but complained about "never" finding out "the

name of the other officer that was going to be testifying." Petitioner later admitted that he watched the video and learned the officer's name prior to trial. Petitioner insisted that he had no knowledge that the State intended to use his prior convictions against him at trial.

Petitioner admitted that he had discussed testifying at trial with counsel. Petitioner's complaint was that counsel did not discuss "everything" for trial. Petitioner's opinion was that this failure of trial counsel was the difference between the earlier mistrial and the convictions.

Petitioner remembered that trial counsel had argued at the sentencing hearing that the sentencing should be concurrent. Petitioner insisted that he asked counsel to pursue this issue on appeal but admitted that he had a different counsel appointed on appeal. Petitioner claimed that he never met this counsel face-to-face but only communicated with him through the mail. Petitioner stated that he never discussed the issues to be raised on appeal with appellate counsel and never saw a copy of the brief filed on his behalf.

On cross-examination, Petitioner admitted that he was arrested after the mistrial but turned down the State's offer for a sentence involving probation. Petitioner admitted that he did not provide a witness list to counsel prior to the second trial. Further, he acknowledged that his experience with the judicial system provided him with enough knowledge to know that the State could use his prior convictions against him. Petitioner did not remember discussing this issue with counsel.

Trial counsel testified that he had been practicing criminal law for approximately twenty-one years. He met with Petitioner "many times" prior to trial. Trial counsel learned that one of the reasons for the mistrial in the first trial was the failure of the State to disclose the name of an undercover officer. According to counsel, Petitioner refused an offer of a sentence of probation.

Trial counsel explained that by the time the second trial started, the undercover officer was nearing the conclusion of the undercover operation. Trial counsel warned Petitioner that this could affect a subsequent trial. Petitioner learned the identity of the officer and watched the videotape of the encounter. Petitioner wanted to go to trial. Trial counsel testified that they received discovery of everything used by the State at trial prior to the trial. Trial counsel stated that he argued for concurrent sentencing but acknowledged that because of Petitioner's criminal history concurrent sentencing was unlikely.

Appellate counsel also testified at the hearing. At the time, he had practiced law for about three years. Appellate counsel stated that he attended the hearing on the motion for new trial and met with Petitioner. Petitioner disagreed that counsel met with him. Appellate

counsel assessed the case prior to appeal and determined that there was not a good argument on appeal with respect to challenging the sentence received by Petitioner. Appellate counsel even went so far as to solicit advice from other attorneys who told him to avoid the "shotgun" approach to appeal. Based on that advice, appellate counsel made the decision to focus on the admission of prior bad acts at trial. Appellate counsel recalled discussing this decision with Petitioner but that counsel made the ultimate decision. Appellate counsel recalled sending Petitioner a copy of the brief when it was filed and informing Petitioner of the outcome of the appeal.

The post-conviction court denied relief, finding that Petitioner "failed to show in any way that his trial or appellate counsel were ineffective or that he has been prejudiced." Petitioner filed a timely notice of appeal.

*Analysis*
*Post-conviction Standard of Review*

On appeal, Petitioner insists that the post-conviction court improperly determined that several of his claims either were or should have been raised on direct appeal. Additionally, Petitioner argues that trial counsel did not properly investigate the case and that appellate counsel failed to seek review of Petitioner's sentence. The State disagrees.

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issue raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

*Ineffective Assistance of Counsel*

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*,

523 S.W.2d 930, 936 (Tenn. 1975).  In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.  *See Strickland v. Washington*, 466 U.S. 668, 694 (1984).  "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim."  *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997).

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings.  *See id.* at 578.  However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness.  *Burns*, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight.  *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings.  *See id.*  However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case.  *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

The evidence does not preponderate against the judgment of the post-conviction court. Petitioner argued that he was prejudiced because trial counsel failed to ascertain the name of one of the State's witnesses, did not investigate another witness and failed to locate and call relevant witnesses.  Trial counsel testified that he received discovery of all of the evidence used by the State prior to trial and Petitioner himself conceded that he and trial counsel learned the name of the undercover officer prior to the second trial.  Further, Petitioner did not present any evidence to the contrary at the hearing on the petition.  When a petitioner argues that counsel has "failed to discover, interview, or present witnesses in support his defense, these witnesses should be presented by the petitioner at the evidentiary hearing."  *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990).  Petitioner has failed to present any witnesses.  Accordingly, he cannot show prejudice.  This issue is without merit.

Similarly, the evidence does not preponderate against the post-conviction court's determination with regard to Petitioner's assertion that appellate counsel was deficient for failing to challenge the imposition of consecutive sentencing. Appellate counsel testified that he made this strategic decision after research and planning. Appellate counsel concluded that

the trial court had issued a "model" sentence that followed the letter of the law as to the application of consecutive sentencing. Appellate counsel is granted the discretion to determine which issue to present on appeal. *See Campbell v. State*, 904 S.W.2d 594 (Tenn. 1995). As stated above, this Court will not second guess a reasonably based strategy when counsel made adequate preparation. *Adkins*, 911 S.W.2d at 347; *Cooper*, 847 S.W.2d at 528. Petitioner is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
JERRY L. SMITH, JUDGE