# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs September 10, 2013

## MICHAEL SMALL v. STATE OF TENNESSEE

### Appeal from the Criminal Court for Shelby County
### No. 01-00925    W. Otis Higgs, Judge

### No. W2012-02101-CCA-R3-PC  - Filed January 7, 2014

Petitioner, Michael Small, was convicted of aggravated robbery and received a sentence of 20 years, to be served consecutively to his sentences for three prior aggravated robbery convictions.  Petitioner appealed his sentence, and this court affirmed the judgment of the trial court. *State v. Michael Small*, No. W2010-00470-CCA-R3-CD (Tenn. Crim. App., Mar. 28, 2011), *perm. app. denied* (Tenn., July 15, 2011).  A summary of the facts underlying Petitioner's convictions in this case can be found in that opinion.  Petitioner now appeals the trial court's denial of his petition for post-conviction relief, in which he alleged that his trial counsel and appellate counsel were ineffective.  Having reviewed the record before us, we affirm the judgment of trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and D. KELLY THOMAS, JR., JJ., joined.

Juni S. Ganguli, Memphis, Tennessee, for the appellant, Michael Small.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Amy P. Weirich, District Attorney General; and David Zak, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

*Post-conviction hearing*

At the beginning of the post-conviction hearing, counsel for Petitioner explained to the court that Petitioner's trial counsel was unavailable to testify because he was currently practicing law in another state.  Petitioner's appellate counsel testified that he met with trial

counsel briefly after Petitioner's trial and sentencing on the same day that appellate counsel was appointed to represent Petitioner. On appeal, appellate counsel raised only the issue of consecutive sentencing. Appellate counsel testified that the victim who was working behind the counter of the store was not able to identify Petitioner, but a customer who was pulling into the parking lot as Petitioner exited the store identified Petitioner in a photographic lineup and at trial.

Appellate counsel reviewed the trial court's case file and testified that it contained a "motion to suppress statement" filed by trial counsel in November 2009. Appellate counsel did not find a motion by Petitioner's trial counsel to suppress the photospread identification; however, appellate counsel testified that the file contained a response by the State to Petitioner's motions, which "indicate[d] [the] photo identification that was filed December 30th, 2009." Appellate counsel's review of the file did not indicate that trial counsel hired an eyewitness identification expert. He testified that such an expert "may have" helped Petitioner's defense. On cross-examination by the State, appellate counsel estimated that Petitioner had more than eight indictments against him. He testified that trial counsel was not the original attorney in Petitioner's case, which is the subject of this post-conviction proceeding, and that Petitioner had other attorneys representing him in his other cases. Appellate counsel acknowledged that another attorney could have filed motions on behalf of Petitioner before trial counsel became Petitioner's attorney.

Petitioner testified that he was charged in multiple indictments in January, 2001, for aggravated robberies that occurred in 2000. Petitioner testified that the evidence against him at trial was testimony from an eyewitness who saw Petitioner leaving the store with a shotgun under his coat while stuffing money in his pocket. Petitioner testified that trial counsel did not provide him with a copy of discovery materials in this case and that he did not inform trial counsel that he had not been provided discovery. He acknowledged that he received the statements of the victim and the eyewitness from an investigator in 2001. Petitioner did not remember whether trial counsel filed a motion to suppress the photospread. Petitioner testified that he had been promised a plea offer of eight years and that was why he gave a confession to Memphis Police Colonel Jeff Clark.

In a written order denying post-conviction relief, the trial court found that trial counsel's performance was not deficient for failing to investigate and that Petitioner had failed to establish what, if any, exculpatory evidence further investigation by trial counsel would have revealed. The trial court also found that trial counsel's failure to call an eyewitness identification expert witness was not deficient because, without trial counsel's testimony at the post-conviction hearing, the court could not determine that the decision was not a reasonably based trial strategy. The court also concluded that Petitioner had not established prejudice because the eyewitness also made an in-court identification of

Petitioner, was subject to cross-examination, and additional evidence against Petitioner included Petitioner's confession. The trial court found that trial counsel was not deficient for failing to file a motion to suppress Petitioner's statement or the photographic lineup because the case file indicated that those motions had already been filed by Petitioner's previous trial counsel.

*Analysis*

On appeal, Petitioner argues that trial counsel's performance was deficient in that he failed to communicate with Petitioner and did not provide Petitioner with discovery materials. Petitioner also asserts that trial counsel failed to investigate the case. Specifically, Petitioner asserts that trial counsel should have obtained an eyewitness identification expert to bolster his defense and that trial counsel "likely" did not interview witnesses prior to trial. Petitioner asserts that if he "had been aware that victims would identify him, there is a probability that he would have accepted the prosecution's offer of settlement." Petitioner also contends that trial counsel did not communicate Petitioner's range of punishment before trial and that if Petitioner had known his potential range of punishment, "it is likely that he would have made different decisions and the outcome of these proceedings would have differed." Petitioner also contends that trial counsel should have filed a motion to suppress the photographic lineup. Finally, Petitioner asserts that appellate counsel's performance was also deficient for raising only the issue of sentencing on direct appeal and for not raising as an issue the sufficiency of the evidence to support Petitioner's conviction.

The post-conviction petitioner bears the burden of proving his allegations by clear and convincing evidence. *See* Tenn. Code Ann. § 40-30-110(f). On appeal, the appellate court accords to the post-conviction court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). By contrast, the post-conviction court's conclusions of law receive no deference or presumption of correctness on appeal. *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001).

To establish entitlement to post-conviction relief via a claim of ineffective assistance of counsel, the post-conviction petitioner must affirmatively establish first that "the advice given, or the services rendered by the attorney, are [not] within the range of competence demanded of attorneys in criminal cases[,]" *see Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), and second that his counsel's deficient performance "actually had an adverse effect on the defense[,]" *Strickland v. Washington*, 466 U.S. 668, 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In other words, the petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

have been different." *Id*. at 694. Should the petitioner fail to establish either deficient performance or prejudice, he is not entitled to relief. *Id*. at 697; *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). Indeed, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." *Strickland*, 466 U.S. at 697.

When reviewing a claim of ineffective assistance of counsel, we will not grant the petitioner the benefit of hindsight, second-guess a reasonably based trial strategy, or provide relief on the basis of a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Claims of ineffective assistance of counsel are mixed questions of law and fact. *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). When reviewing the application of law to the post-conviction court's factual findings, our review is de novo, and the post-conviction court's conclusions of law are given no presumption of correctness. *Fields*, 40 S.W.3d at 457-58; *see also State v. England*, 19 S.W.3d 762, 766 (Tenn. 2000).

The principles for determining the effectiveness of counsel at trial and on appeal are the same in a post-conviction proceeding. *See Campbell v. State*, 904 S.W.2d 594, 596 (Tenn. 1995). A petitioner alleging ineffective assistance of appellate counsel must prove both that 1) appellate counsel was objectively unreasonable in failing to raise a particular issue on appeal, and 2) absent counsel's deficient performance, there was a reasonable probability that the petitioner's appeal would have been successful before the state's highest court. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000). *In Carpenter v. State*, 126 S.W.3d 879 (Tenn. 2004), our supreme court stated the following regarding review of allegations of ineffective assistance by appellate counsel.

> Appellate counsel are not constitutionally required to raise every conceivable issue on appeal. *King v. State*, 989 S.W.2d 319, 334 (Tenn. 1999); *Campbell v. State*, 904 S.W.2d 594, 596-97 (Tenn. 1995). Indeed, "experienced advocates have long 'emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most a few key issues.'" *Cooper v. State*, 849 S.W.2d 744, 747 (Tenn. 1993) (quoting *Jones v. Barnes*, 463 U.S. 745, 751, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983)); *see also Smith v. Robbins*, 528 U.S. 259, 288, 120 S. Ct. 746, 145 L. Ed. 2d 756 (2000). The determination

of which issues to raise on appeal is generally within appellate counsel's sound discretion. *Jones*, 463 U.S. at 751, 103 S. Ct. 3308; *King*, 989 S.W.2d at 334; *Cooper*, 849 S.W.2d at 747. Therefore, appellate counsel's professional judgment with regard to which issues will best serve the appellant on appeal should be given considerable deference. *See Campbell*, 904 S.W.2d at 597; *see also Strickland*, 466 U.S. at 689, 104 S. Ct. 2052.

*Carpenter*, 126 S.W.3d at 887.

We conclude that the evidence does not preponderate against the trial court's findings that trial counsel was not deficient for failing to investigate or that Petitioner was prejudiced by counsel's alleged failure to investigate. We agree with the findings of the trial court. Petitioner offered no evidence as to what further investigation by trial counsel would have uncovered. Additionally, Petitioner did not present testimony by an eyewitness identification expert at the post-conviction hearing. It is well settled that "[w]hen a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Neither the post-conviction court nor the reviewing court may speculate on "what a witness's testimony might have been if introduced by defense counsel." *Id*. Petitioner also asserts that trial counsel should have moved to suppress the witness's photospread identification of Petitioner; however Petitioner presented no proof at the post-conviction hearing as to why the photospread should have been suppressed, nor does Petitioner cite any authority in his brief to support his assertion that the photospread should have been suppressed. Petitioner has therefore failed to establish prejudice.

Petitioner bases his assertion that trial counsel failed to interview witnesses prior to trial on appellate counsel's testimony that his review of the case file indicated that trial counsel did not request assistance for experts. Petitioner contends, therefore, that "it is likely that neither an investigator (for the defense) nor counsel spoke with case witnesses pre-trial." We are not persuaded by this argument. Petitioner does not state what witnesses he contends counsel failed to interview, nor did he present the testimony of any such witnesses at the post-conviction hearing.

We also conclude that Petitioner has failed to establish that trial counsel was deficient for failing to communicate with him. Petitioner asserts in his brief that trial counsel failed to communicate Petitioner's potential range of punishment prior to trial. At the post-conviction hearing, Petitioner testified that he was charged in 18 indictments for aggravated robbery. Petitioner testified that during his interview with Colonel Clark in 2000, Colonel Clark promised him an offer of eight years if he confessed to the offenses. At trial, Colonel

Clark denied ever making such statement. At the post-conviction hearing, Petitioner testified that he told trial counsel that Colonel Clark had offered him an eight-year sentence in exchange for his statement. Petitioner did not testify, however, that trial counsel failed to explain to him the potential range of punishment for the offenses, nor does Petitioner cite to the record in his brief any testimony concerning trial counsel's failure to communicate the range of punishment to him.

Petitioner acknowledged that trial counsel explained to him the evidence against him, and although Petitioner testified that trial counsel did not provide him with the State's discovery response, Petitioner acknowledged that he received the statements of the State's witnesses before trial counsel was appointed to represent him. Petitioner testified that trial counsel did not provide him a copy of discovery materials "because [he] had the one that they gave [him] from [20]01, that's the one that [he] had." Petitioner did not testify what, if anything, that was included in the State's response to discovery that trial counsel failed to provide him; nor did Petitioner make any such materials an exhibit at the post-conviction hearing.

Petitioner alleges in his brief that trial counsel did not discuss with Petitioner "whether or not it would be in his best interest to testify" at trial. Petitioner testified at trial. At the post-conviction hearing, Petitioner testified, "when I got up here [on the witness stand] with the best way that I knew how, I don't know about the law, so to speak, only thing I can do is just tell the truth about what happened, . . . ." Petitioner did not testify about any discussions or lack of discussion with trial counsel about his decision to testify at trial. Therefore, Petitioner has failed to establish that trial counsel was deficient.

Finally, we conclude that appellate counsel was not deficient for failing to raise on appeal the issue of the sufficiency of the evidence at trial. We note that Petitioner has failed to include in his brief any legal argument in support of any issues he asserts appellate counsel should have raised on appeal, including the sufficiency of the evidence at trial. Nevertheless, our review of the evidence shows that a challenge by Petitioner to the sufficiency of the evidence would not have been successful on appeal. The evidence at trial consisted of an eyewitness identification and Petitioner's signed, written statement confessing that he held the victim at gunpoint during the robbery. *Small*, 2011 WL 1137061, at *2. Appellate counsel acknowledged at the post-conviction hearing, and this court's opinion on direct appeal confirms, that he raised only the issue of consecutive sentencing. Appellate counsel testified that while preparing the case for appeal, he "was thinking, sentencing, first and foremost and possibly sufficiency of evidence, but [he] discounted that down the road." Appellate counsel did not testify about his reasons for not raising the issue on appeal, but the record does not indicate that appellate counsel's decision was unreasonable. Petitioner is not entitled to relief.

For the reasons stated above, we affirm the judgment of the trial court.


_____

THOMAS T. WOODALL, JUDGE