IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 22, 2015

## DESHAUN JANTUAN LEWIS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2009-C-2231      Steve R. Dozier, Judge**

_____

**No. M2014-01108-CCA-R3-PC – Filed May 1, 2015**

_____

The petitioner, Deshaun Jantuan Lewis, appeals the post-conviction court's denial of his petition for post-conviction relief, arguing that he received ineffective assistance of appellate counsel. Based upon our review, we affirm the denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROGER A. PAGE, JJ., joined.

Jennifer J. Hall, Nashville, Tennessee, for the Defendant-Appellant, Deshaun Jantuan Lewis.

Herbert H. Slatery III, Attorney General and Reporter; Clarence E. Lutz, Senior Counsel; Glenn R. Funk, District Attorney General; and Rachel M. Sobrero, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### FACTS

Based on his participation in the rape, robbery, and murder of the eighteen-year-old victim, the petitioner was convicted of two counts of felony murder, one count of second degree murder, four counts of aggravated rape, especially aggravated robbery, and making a false report to law enforcement. The trial court merged the felony murder convictions and the second degree murder conviction into one conviction for felony murder. Additionally, the court merged one of the aggravated rape convictions, leaving three remaining aggravated rape convictions. The petitioner was sentenced to an

effective term of life plus forty-two years in the Department of Correction. His convictions and sentence were affirmed by this court on direct appeal, and his application for permission to appeal was denied by our supreme court. State v. Deshaun Jantuan Lewis, No. M2011-01220-CCA-R3-CD, 2012 WL 4338809, at *1 (Tenn. Crim. App. Sept. 21, 2012), perm. app. denied (Tenn. Feb. 13, 2013).

This court's opinion on direct appeal shows that the defendant set up the victim to be robbed at an abandoned duplex, where his armed accomplice was waiting for them. Id. at *12. The accomplice dragged the victim to a back room in the duplex and kicked her in the neck, chest, and face. The petitioner admitted that he had vaginal and anal sex with the victim while the accomplice held a gun to her and that he hit the victim two or three times in the face because she was fighting. Id. at *13. The victim's face had been beaten to the point that her "facial features were distorted to such a degree that visual identification was not reliable." Id. at *6. Additionally, the victim had a large area of hemorrhaging in her eyes, which was indicative of strangulation, and a large larceration to the middle portion of her liver "so large that the liver was practically in two pieces." Id. Other injuries included extensive bleeding around the brain from blunt force trauma, a fracture of the hyoid bone in her neck, abrasions on her arms, elbows, wrists, hands, shoulders, hip, knees, and right leg, and bleeding in the layers of the lining of the vagina and in the deep soft tissue indicating trauma. Id. at *6-7. The DNA profile obtained from the victim's vaginal swab matched the petitioner, and the petitioner's palm print was recovered from a piece of drywall in the abandoned duplex where the victim's body was found. The victim's gold Impala automobile and $250 cash were taken during the robbery. Id. at *12.

On July 12, 2013, the petitioner filed a *pro se* petition for post-conviction relief, alleging numerous claims of ineffective assistance of counsel. Post-conviction counsel was subsequently appointed, and an amended petition was filed.

An evidentiary hearing was held on March 28, 2014, at which the attorney who represented the petitioner at trial and on direct appeal testified that he had been licensed to practice law since 1999 and that over 90% of his practice was criminal defense work. He had tried over thirty jury trials and had filed "[s]cores" of criminal appeals. He recalled objecting to the admission of thirteen gruesome photographs at trial as prejudicial. He said he did not raise the issue on direct appeal because:

> There were actually I would say probably hundreds of photographs that were taken of the scene that were not admitted. And I went over those with [the prosecutor], . . ., before trial and those were the ones that were end up that being introduced [sic]. When I did the direct appeal, I did review those again, and based on the totality, I guess, as the entire record as a whole,

testimony that was presented, I just didn't feel that it was a plausible claim at that point. So . . . I elected not [to] pursue it on direct appeal.

Counsel ackowledged that he made several objections at trial to the testimony of Lisa Woodard, the mother of the petitioner's child. Woodard testified that she and the petitioner had sex the same night the petitioner raped and killed the victim. Counsel said he did not address the issue on appeal, explaining:

I didn't think that it was [a] cognizable claim again partly because [the petitioner] then testified at trial as well and pretty much said the same thing. So it wasn't coming from her, it was coming from him as well. And I didn't feel like it was a strong enough claim to make on appeal. . . . [A]fter reviewing [the] record, I just didn't think it really supported the issue as fully as I hoped.

At the conclusion of the hearing, the post-conviction court took the matter under advisement and subsequently entered a written order on May 20, 2014, denying the petition.

## ANALYSIS

The petitioner argues that trial/appellate counsel was ineffective for not raising two issues on direct appeal: the admission of unnecessary gruesome photographs depicting the crime scene and the victim; and the prejudicial testimony of the petitioner's girlfriend that she and the petitioner had sexual intercourse after he committed the crimes.

Post-conviction relief "shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2012). The petitioner bears the burden of proving factual allegations by clear and convincing evidence. Id. § 40-30-110(f). When an evidentiary hearing is held in the post-conviction setting, the findings of fact made by the court are conclusive on appeal unless the evidence preponderates against them. See Wiley v. State, 183 S.W.3d 317, 325 (Tenn. 2006). When reviewing factual issues, the appellate court will not reweigh the evidence and will instead defer to the post-conviction court's findings as to the credibility of witnesses or the weight of their testimony. Id. However, review of a post-conviction court's application of the law to the facts of the case is *de novo*, with no presumption of correctness. See Ruff v. State, 978 S.W.2d 95, 96 (Tenn. 1998). The issue of ineffective assistance of counsel, which presents mixed questions of fact and law, is reviewed *de novo*, with a presumption of correctness given only to the post-conviction court's

findings of fact. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001); State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

To establish a claim of ineffective assistance of counsel, the petitioner has the burden to show both that trial counsel's performance was deficient and that counsel's deficient performance prejudiced the outcome of the proceeding. Strickland v. Washington, 466 U.S. 668, 687 (1984); see State v. Taylor, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that same standard for determining ineffective assistance of counsel that is applied in federal cases also applies in Tennessee). The Strickland standard is a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687.

The deficient performance prong of the test is satisfied by showing that "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland, 466 U.S. at 688; Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). The reviewing court must indulge a strong presumption that the conduct of counsel falls within the range of reasonable professional assistance, see Strickland, 466 U.S. at 690, and may not second-guess the tactical and strategic choices made by trial counsel unless those choices were uninformed because of inadequate preparation. See Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). The prejudice prong of the test is satisfied by showing a reasonable probability, *i.e.*, a "probability sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The same principles apply in determining the effectiveness of trial and appellate counsel. Campbell v. State, 904 S.W.2d 594, 596 (Tenn. 1995).

In denying the petition, the post-conviction court concluded, in pertinent part:

> In the Petitioner's amended petition, he challenges trial counsel's failure to argue on appeal the substantial prejudice to the Petitioner resulting from gruesome photographs being presented to the jury at trial.

4

Trial counsel testified that he had extensive conversations with the State regarding the photographs. He indicated his decision not to object to the photographs used in trial was a thoughtful decision made after consultation with the State. In addition, the Court conducted a jury out hearing regarding a motion filed by the State for pretrial determination about the photographs to be used in trial, in which each photo was offered to the witness to determine the purpose of showing the jury the photograph and the Court excluded several cumulative or non-probative photographs. The Court accredits the testimony of trial counsel and finds the petitioner has failed to prove these allegations by clear and convincing evidence and no prejudice has been shown. The issues involving the photographs are dismissed.

Next, the Petitioner challenges trial counsel's alleged failure to properly impeach and argue on appeal the substantial prejudice to the Petitioner from the testimony of Lisa Woodard at trial. The Court accredits the testimony of trial counsel that he had thoroughly investigated the case and was not denied the opportunity to cross examine Ms. Woodard in the manner he felt appropriate given the facts of the case. He stated that he did not see a legal basis to strike her testimony and that any issues with her testimony related to credibility. The Court finds that . . . the petitioner has failed to prove these allegations by clear and convincing evidence and no prejudice has been shown.

. . . .

The Court finds that the petitioner's issues are without merit, the petitioner has failed to meet his burden by clear and convincing evidence, and he has not demonstrated any prejudice. Therefore, the petition for post-conviction relief is hereby *denied*.

Trial/appellate counsel testified that he did not raise the issue of the gruesome photographs on appeal because there were hundreds of photographs that were not admitted and based on the entire record as a whole and the trial testimony that was presented, he did not believe it was a plausible claim on appeal. He did not raise the issue of the petitioner and Woodard having sex after the petitioner committed the crimes because the petitioner testified at trial and "pretty much said the same thing" as Woodard. After reviewing the record, counsel "didn't think it really supported the issue as fully as [he had] hoped." Trial/appellate counsel was the only witness presented at the evidentiary hearing as to these issues, and the post-conviction court accredited his

5

testimony concerning the exercise of his judgment. We conclude that the record supports the determination that the petitioner is not entitled to post-conviction relief.

## **CONCLUSION**

We conclude that the petitioner has not met his burden of showing a deficiency in the performance of trial/appellate counsel or any resulting prejudice to his case. Accordingly, we affirm the denial of the petition for post-conviction relief.

_____
ALAN E. GLENN, JUDGE