IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 12, 2016

## TORRIANO FLOYD v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 10-04996     W. Mark Ward, Judge**

_____

**No. W2015-02341-CCA-R3-PC – Filed September 16, 2016**

_____

The petitioner, Torriano Floyd, appeals the denial of his petition for post-conviction relief, arguing that the post-conviction court erred in finding that he received effective assistance of counsel. Following our review, we affirm the denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Patrick E. Stegall, Memphis, Tennessee, for the appellant, Torriano Floyd.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Amy P. Weirich, District Attorney General; and D. Gregory Gilbert, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

The petitioner was convicted by a Shelby County Criminal Court jury of two counts of robbery and one count of attempted robbery based on his participation in an armed robbery against three men who were stopped in their vehicle at a Memphis service station. According to the State's proof at trial, the perpetrators fired shots at the victims' vehicle when the victims followed them after the robbery in an attempt to get their license plate number. State v. Torriano Floyd, No. W2013-00323-CCA-R3-CD, 2013 WL 6281880, at *1-5 (Tenn. Crim. App. Dec. 3, 2013), perm. app. denied (Tenn. May 29, 2014). The petitioner was sentenced by the trial court as a Range I offender to consecutive six-year sentences for each of the robbery convictions and to a concurrent sentence of four years for the attempted robbery conviction, for a total effective sentence

of twelve years at thirty percent in the Department of Correction. Id. This court affirmed the convictions and sentences on direct appeal, and our supreme court denied his application for permission to appeal. Id. at *1.

On February 23, 2015, the petitioner filed a *pro se* petition for post-conviction relief in which he raised several claims, including ineffective assistance of trial and appellate counsel. Following the appointment of post-conviction counsel, he filed an amended petition in which he alleged that appellate counsel provided ineffective assistance for failing to address or argue on direct appeal the length of the sentences he received for the offenses. Although the petitioner alleged numerous instances of ineffective assistance of trial counsel in his *pro se* petition, he confines himself on appeal to the above issue. Accordingly, we will summarize only that portion of the evidentiary hearing that is pertinent to the issue raised on appeal.

At the evidentiary hearing, appellate counsel, who was appointed to represent the petitioner on appeal, testified that he raised two issues on direct appeal: the sufficiency of the evidence and the order of consecutive sentencing. He said he purposefully did not raise as an issue the fact that the petitioner was sentenced to the maximum sentence for each conviction because, in his opinion, that issue was not as meritorious as the issue of whether the trial court abused its discretion by ordering consecutive sentences. He explained that the trial court made "an extremely lengthy and detailed" record, which counsel characterized as "one of the stronger records" he had seen, in support of the enhanced sentences.

During his direct and cross-examination testimony, the petitioner complained about his trial counsel, the trial judge, his post-conviction counsel, and the fact that the jury was allowed to correct its verdict from attempted aggravated robbery to attempted robbery. He said nothing relevant about the issue on appeal.

## ANALYSIS

The petitioner contends that appellate counsel provided ineffective assistance by waiving the issue of whether the length of his sentences was excessive and instead focusing his argument on the trial court's imposition of partial consecutive sentences. In support, he cites the following portion of our direct appeal opinion:

> [The petitioner] introduces his argument by stating that "[n]either the sentencing at the high end of the range nor consecutive sentencing were justified by the actual proof at sentencing or derived at trial." However, [the petitioner] advances no argument addressing the impropriety of the length of his sentences and includes no references to the record supporting

such. He focuses his argument on the trial court's imposing partial consecutive sentences. Pursuant to Tennessee Court of Criminal Appeals Rule 10(b), this court treats as waived those issues that are unsupported by authorities, argument, or references to the record. See also Tenn. R. App. P. 27(a)(7)(A). As such, he has waived consideration of the length of his sentences, and we will address sentence alignment only.

Id. at *8.

The petitioner argues that appellate counsel's failure to argue the issue of the length of the sentences, "a contested issue at the sentencing hearing," "was an error which deprived [him] of a fair sentence." The State responds by arguing that the petitioner has failed to overcome the strong presumption that appellate counsel exercised reasonable professional judgment when he made the strategic decision to focus on the order of consecutive sentencing rather than the length of the sentences. We agree with the State.

The post-conviction petitioner bears the burden of proving his allegations by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f). When an evidentiary hearing is held in the post-conviction setting, the findings of fact made by the court are conclusive on appeal unless the evidence preponderates against them. See Tidwell v. State, 922 S.W.2d 497, 500 (Tenn. 1996). Where appellate review involves purely factual issues, the appellate court should not reweigh or reevaluate the evidence. See Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997). However, review of a trial court's application of the law to the facts of the case is *de novo*, with no presumption of correctness. See Ruff v. State, 978 S.W.2d 95, 96 (Tenn. 1998). The issue of ineffective assistance of counsel, which presents mixed questions of fact and law, is reviewed *de novo*, with a presumption of correctness given only to the post-conviction court's findings of fact. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001); State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

To establish a claim of ineffective assistance of counsel, the petitioner has the burden to show both that trial counsel's performance was deficient and that counsel's deficient performance prejudiced the outcome of the proceeding. Strickland v. Washington, 466 U.S. 668, 687 (1984); see State v. Taylor, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that same standard for determining ineffective assistance of counsel that is applied in federal cases also applies in Tennessee). The Strickland standard is a two-prong test:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was

3

not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687.

The deficient performance prong of the test is satisfied by showing that "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland, 466 U.S. at 688; Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). The reviewing court must indulge a strong presumption that the conduct of counsel falls within the range of reasonable professional assistance, see Strickland, 466 U.S. at 690, and may not second-guess the tactical and strategic choices made by trial counsel unless those choices were uninformed because of inadequate preparation. See Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). The prejudice prong of the test is satisfied by showing a reasonable probability, *i.e.*, a "probability sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The same principles apply in determining the effectiveness of trial and appellate counsel. Campbell v. State, 904 S.W.2d 594, 596 (Tenn. 1995).

Courts need not approach the Strickland test in a specific order or even "address both components of the inquiry if the defendant makes an insufficient showing on one." 466 U.S. at 697; see also Goad, 938 S.W.2d at 370 (stating that "failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim").

The post-conviction court made the following findings of fact and conclusions of law with respect to the petitioner's argument regarding the alleged ineffective assistance of his appellate counsel:

Petitioner contends that appellate counsel was "ineffective" in failing to challenge the length of his sentences on appeal. Appellate counsel testified that he did not raise that issue because he found it to have no merit. This court agrees. There was absolutely no chance that [the petitioner] could have prevailed on this issue on appeal. Petitioner failed to carry his burden of proof as to both "deficient performance" and "prejudice" on this issue.

4

The record fully supports the findings and conclusions of the post-conviction court. "The determination of which issues to raise on appeal is generally within appellate counsel's sound discretion." Carpenter v. State, 126 S.W.3d 879, 887 (Tenn. 2004). Appellate counsel offered a reasonable explanation for why he believed there was no merit in challenging the length of the sentences and why he instead concentrated on the trial court's order of partial consecutive sentences. The petitioner has not, thus, met his burden of showing that appellate counsel was deficient for not arguing the issue on appeal. Moreover, the petitioner has also not met his burden of showing that he was prejudiced as a result of counsel's alleged deficiency in this regard. As the State points out, in light of our supreme court's decision in State v. Bise, 380 S.W.3d 682, 707 (Tenn. 2012), the trial court's application of enhancement and mitigating factors to determine the length of the sentences was presumptively reasonable absent an abuse of discretion.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the post-conviction court denying the petition for post-conviction relief.

_____
ALAN E. GLENN, JUDGE

5